**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,        )
                                 )
            Respondent/Plaintiff,)    Case No.: 2:03-cr-00074-GMN-1
    vs.                          )
                                 )    **ORDER**
CHARLES DYLAN KAY,               )
                                 )
            Petitioner/Defendant.)
                                 )
_____)

Pending before the Court is Petitioner Charles Dylan Kay's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF Nos. 34, 38). The Government filed a Response, (ECF No. 40), and Petitioner filed a Reply, (ECF No. 43).[1] For the reasons discussed below, Petitioner's 2255 Motion is **DENIED**.

**I.    BACKGROUND**

On April 1, 2003, Petitioner pleaded guilty, without the benefit of a plea agreement, to one count of federal bank robbery in violation of 18 U.S.C. § 2113(a). (Change of Plea at 1, ECF No. 12). In preparation for sentencing, a presentence investigation report ("PSR") was prepared. (*Id.* at 2). The PSR recommended a "career offender" enhancement under the United States Sentencing Guidelines (U.S.S.G.), finding, *inter alia*, that the instant bank robbery offense, as well as his prior federal felony conviction for armed bank robbery, and state felony convictions for conspiracy to commit robbery and homicide were "crimes of violence," as defined in U.S.S.G. § 4B1.2. (PSR at 6–8, 14). On July 11, 2003, Petitioner's sentencing hearing, (ECF No. 18), was held. The court concluded that Petitioner qualified as a career

---

[1] Additionally, Petitioner filed a Supplemental Brief, (ECF No. 46), in support of his 2255 Motion. The Government filed a Response, (ECF No. 49), and Petitioner field a Reply, (ECF No. 50).

offender under the Guidelines, and sentenced Petitioner to a term of 188 months' imprisonment. (J., ECF No. 19); (Sentencing Tr. 17:8–19:7, Ex. A to Pet'r's 2255 Mot., ECF No. 38-1). Without the career offender enhancement, Petitioner's guideline range for the federal bank robbery conviction would have been 57 to 71 months. (PSR at 5, 9, 12); (*see also* Statement of Reasons).

On June 22, 2016, Petitioner filed an Abridged 2255 Motion, (ECF No. 34), followed by a comprehensive 2255 Motion, (ECF No. 38), on December 22, 2016. Petitioner contends that the instant bank robbery offense and prior convictions used to enhance his sentence no longer constitute crimes of violence after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* 2255 Mot. 3:2–5, ECF No. 38). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner accordingly points to the language in U.S.S.G § 4B1.2(a)'s residual clause, which is identical to the ACCA's residual clause, for the proposition that the statutory provisions, and any sentences imposed under them, are invalid. (*See* 2255 Mot. 6:9–8:8).

The Government responds that *Johnson* does not apply retroactively to Sentencing Guidelines challenges on collateral review. (Resp. 4:13–11:7, ECF No. 40). Further, the Government argues that even if the Guidelines were subject to vagueness challenges under *Johnson*, Petitioner's sentence would not be affected because Petitioner's instant and prior convictions qualify as crimes of violence without resort to U.S.S.G. § 4B1.2(a)'s residual clause. (*Id.* 11:8–15:11).

Subsequent to the filing of Petitioner's 2255 Motion, the U.S. Supreme Court entered its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). *Beckles* held that *Johnson* does not apply to sentences imposed under the advisory U.S. Sentencing Guidelines. *Beckles*, 137 S. Ct. at 890, 894. The Supreme Court concluded that, because the Guidelines "merely guide the

exercise of a court's discretion in choosing an appropriate sentence within the statutory range," they are not subject to void-for-vagueness challenges. *Id.* at 892. In light of *Beckles*, this Court allowed the parties to submit supplemental briefing. (Order at 4, ECF No. 45).

In Petitioner's Supplemental Brief, (ECF No. 46), Petitioner argues that *Beckles* does not foreclose his 2255 Motion because *Beckles* focused on the discretionary nature of the advisory Sentencing Guidelines, and Petitioner was sentenced in 2003—when the Guidelines were mandatory, not advisory. (Pet'r's Suppl. Br. 5:16–17, ECF No. 46).

Subsequent to the filing of the parties' supplemental briefing, the Ninth Circuit issued its decision in *United States v. Blackstone*, 903 F.3d 1020, 1028–29 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). As pertinent to this case, *Blackstone* held that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *Blackstone*, 903 F.3d at 1023, 1028 ("The Supreme Court has not held that the mandatory Sentencing Guidelines are subject to this vagueness challenge. As a result, [the petitioner's] current motion is not timely under the statute."). This Order now follows.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). Generally, motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, the statute also authorizes filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

**III.   DISCUSSION**

Petitioner asserts that his 2255 Motion, filed on June 22, 2016, is timely pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was issued on June 26, 2015. (2255 Mot. 4:11–20, ECF No. 38). According to Petitioner, the Supreme Court recognized a new right in *Johnson* and announced a substantive rule that is therefore retroactive to cases on collateral review. (*Id.* 4:21–6:8).

In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The statutory provision at issue in *Johnson*, 18 U.S.C. § 924(e), requires a sentencing court to impose a mandatory 15-year minimum sentence for a conviction under 18 U.S.C. § 922(g), which prohibits felons and other designated persons from possessing firearms, when the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony." In turn, "violent felony" is defined as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the [ACCA's] residual clause." *Johnson*, 135 S. Ct. at 2556. *Johnson* struck down this clause, but left untouched subsection (i) and the remainder of subsection (ii). In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review.

Petitioner argues that *Johnson* is applicable to the career offender Sentencing Guideline—U.S.S.G § 4B1.2—because it contains a "materially identical" residual clause. (2255 Mot. 8:6–9:5). Furthermore, Petitioner is undeterred by *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the advisory Sentencing Guidelines are not subject to void-for-vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 897. Petitioner contends that his case is distinguishable because the Sentencing Guidelines were mandatory in 2003, the year in which he was sentenced. (Pet'r's Suppl. Br. 3:16–21, ECF No. 46).

However, it is the Ninth Circuit's ruling in *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018), that controls the outcome of this case. In *Blackstone*, the Ninth Circuit held that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *Blackstone*, 903 F.3d at 1028. Indeed, *Blackstone* concluded by noting that the "Supreme Court may hold in the future that *Johnson* extends to sentences imposed when the Sentencing Guidelines were mandatory . . . , but until then [the petitioner's] motion is untimely." *Id.* at 1029.

Here, Petitioner seeks to assert the same right rejected in *Blackstone*, namely, that the mandatory Sentencing Guidelines are subject to vagueness challenges under the Due Process Clause. Because this Court is bound by the Ninth Circuit's decision in *Blackstone*, it must find that the right asserted here has not been made retroactive to cases on collateral review. As such, Petitioner's 2255 Motion is untimely, and therefore, Petitioner's 2255 Motion, (ECF Nos. 34, 38), is **DENIED**.

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v.*

*McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore **DENIES** Petitioner a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's 2255 Motion, (ECF Nos. 34, 38), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this 24 day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court